UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DWIGHT HARRIS (1) ESTATE                                      CIVIL ACTION

VERSUS                                                                       NUMBER: 18-1143

JOSEPH LOPINTO (SHERIFF ELECT),                     SECTION: "G"(5)
ET AL.

**REPORT AND RECOMMENDATION**

Invoking 42 U.S.C. §1983, the above-captioned matter was filed *in forma pauperis* by *pro se* Plaintiff, Dwight Harris, against Defendants, Joseph Lopinto, Sheriff of Jefferson Parish; Deputy Marcus Borne of the Jefferson Parish Sheriff's Office ("JPSO"); other unnamed deputies of the JPSO; Bernard Williams ("Williams"), a former inmate of the Jefferson Parish Correctional Center ("JPCC"); and, the collective Mental Health Department at JPCC. (Rec. doc. 1, pp. 1, 4).

Plaintiff is an inmate of JPCC since his arrest for an unidentified crime or crimes on October 1, 2017. (Rec. doc. 1, p. 3). In the space on the standardized §1983 form that he submitted where Plaintiff was asked to state as briefly as possible the facts of his case and to describe how each Defendant is involved, he directed the reader to "Please See Attachment??" (*Id.* at p. 4). Plaintiff thereafter attaches to his complaint a copy of an "Inmate Disciplinary Action Report" in which the following incident of October 16, 2017 is described by the charging correctional official. Late in the evening that day, Plaintiff and Williams were observed yelling at each other in the dorm area of AC05. Both inmates were ordered to lockdown but continued to argue while in their assigned bunks. Ten minutes later, both inmates were again observed yelling at each other face-to-face in the dorm area and a short time later, Williams threw the first punch at Plaintiff and the observing deputy radioed for

assistance. The two combatants briefly separated but Williams engaged Plaintiff again and the fight resumed. After the arrival of five correctional officers minutes later, the combatants ceased their fistic encounter, were brought to the Medical Unit for evaluation, and were then segregated. (*Id.* at pp. 8-9).

Following the Disciplinary Report, Plaintiff attaches a handwritten document denominated "Statement of Facts" in which he adds to the charging correctional official's account of the incident of October 16, 2017. Plaintiff states that at the time of the incident, Williams was a convicted inmate and, as such, should not have been housed with a pre-trial detainee like himself. Plaintiff alleges that in plain view of several JPCC deputies, Williams approached him in a threatening and hostile manner and that the deputies failed to prevent the physical altercation that followed. Changing tack, Plaintiff then alludes to the force that was used against him by JPSO deputies at the time of his arrest on October 1, 2017 and the injuries and treatment that he subsequently received as a result of that encounter. Finally, Plaintiff alleges that he has not received adequate medical care for the "… pain and suffering and or mental anguish and anxiety …" following his physical altercation with Williams due to a wide-ranging conspiracy between the nursing staff and security to cover-up the incident. (Rec. doc. 1, p. 10).

Immediately behind the foregoing Statement of Facts is an "Inmate Grievance Form" completed by Harris in which he provides October 16, 2017 as the date of the subject incident and invites the reader to the reverse side of the form. (Rec. doc. 1, p. 11). Following that form is a two-page handwritten "Statement of Complaint" in which Plaintiff describes, in some detail, the circumstances surrounding his apprehension and arrest by Deputy Borne and others on October 1, 2017 along with allegations of excessive force that was reportedly

2

used to effectuate the arrest and in its aftermath and allegations regarding the adequacy of the medical care that he has received at JPCC in the wake of the incident.  (*Id.* at pp. 12-13).  For all of the foregoing, Plaintiff seeks outside referrals for "… health and mental evaluations …," injunctive relief in the form of an immediate overhaul and replacement of the medical staff at JPCC, and an unspecified amount of monetary damages.  (*Id.* at p. 5).

As noted above, Plaintiff is proceeding *in forma pauperis* in this matter pursuant to 28 U.S.C. §1915.  (Rec. doc. 3).  As directed by that statute, courts are to dismiss such matters at any time it is determined, *inter alia*, that the action is "… frivolous or malicious …" 28 U.S.C. §1915(e)(2)(B)(i).  *See also* 28 U.S.C. §1915A(b)(1), 42 U.S.C. §1997e(c)(1).  A complaint is frivolous if the claims alleged therein have no arguable basis in law or fact.  *Booker v. Koonce*, 2 F.3d 114, 115 n. 6 (5th Cir. 1993).  A complaint is malicious if the claims asserted therein have already been asserted by the plaintiff in a pending or previous lawsuit against the same or different defendants.  *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).  Although "frivolous" precedes "malicious" in the aforementioned statute, those two bases of dismissal will be addressed in opposite order.

The allegations that Plaintiff makes in this lawsuit can be fairly divided into two categories:  those involving his arrest and its aftermath on October 1, 2017 and those regarding his physical confrontation with Williams on October 16, 2017.  In *Harris v. Lovett, et al.*, No. 18-CV-0857 "J"(4), a case that is pending before another section of the court, Plaintiff sued Deputy Borne and four other JPCC officials, including three specifically named officials of the JPCC medical department, complaining of his alleged illegal arrest on October 1, 2017, the use of excessive force against him, and the subsequent denial of adequate medical care for those injuries as well as a host of other medical conditions.

3

The claims that Plaintiff makes in this matter regarding the alleged use of excessive force against him by Deputy Borne at the time of his arrest and the adequacy of the medical care he subsequently received at JPCC are duplicative of those that he made in his other previous, presently-pending lawsuit, No. 17-CV-0857.  A complaint is malicious and subject to dismissal under §1915(e)(2)(B)(i) "… when it 'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation." *McGill v. Juanita Kraft Postal Services*, No. 03-CV-1113, 2003 WL 21355439 at *2 (N.D. Tex. June 6, 2003), *adopted*, 2003 WL 21467745 (N.D. Tex. June 18, 2003)(quoting *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir. 1993)).  The rationale behind these decisions is that the privilege of proceeding *in forma pauperis* at government expense does not entitle a plaintiff to a second "… bite at the litigation apple …" with respect to claims arising out of a common set of facts.  *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).  As Plaintiff's previous lawsuit is presently pending, the dismissal in this case of his claims against Deputy Borne regarding his arrest on October 1, 2017 should be without prejudice to his prosecution of said claims in that other proceeding.  *Lewis v. Sec. of Public Safety and Corr.*, 508 Fed.Appx. 341, 344 (5th Cir. 2013).

With the recommended dismissal, without prejudice, of Plaintiff's claims against Deputy Borne, that leaves before the Court his potential claims against Sheriff Lopinto, Williams, the collective Mental Health Department at JPCC, and other unnamed JPSO deputies.  With respect to Sheriff Lopinto, although Plaintiff gives no indication in his complaint of the capacity(ies) in which he is being sued, no claim against the Sheriff in his official capacity lies here as Plaintiff does not allege, much less identify, that the municipality with which the Sheriff is affiliated has a policy or custom that caused his injury.  *Carter v.*

4

*Strain*, No. 09-CV-0015, 2009 WL 3231826 at *2 (E.D. La. Oct. 1, 2009)(citing *Murray v. Town of Mansura*, 76 Fed.Appx. 547, 549 (5th Cir. 2003) and *Treece v. Louisiana*, 74 Fed.Appx. 315, 316 (5th Cir. 2003)).  Viewing Plaintiff's allegations as having been made against Sheriff Lopinto in his individual capacity he fares no better as he sets forth no facts reflecting the Sheriff's participation in the alleged wrongs.  *Jolly v. Klein*, 923 F.Supp. 931, 943 (S.D. Tex. 1996)(citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)).  Moreover, supervisory officials like the Sheriff cannot be held liable for civil rights violations allegedly committed by their associates based on a theory of strict or vicarious liability.  *Fails v. Deshields*, 349 Fed.Appx. 973, 976-77 (5th Cir. 2009); *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir.), *cert. denied*, 471 U.S. 1126, 105 S.Ct. 2659 (1985).  Here, other than naming Sheriff Lopinto as a Defendant in the caption of and again on page four of his complaint, Plaintiff presents no facts establishing personal involvement on the Sheriff's part, absent which there is no valid basis to hold him liable under §1983 in his individual capacity.  *Allen v. Gusman*, No. 05-CV-1633, 2006 WL 286007 at *3 n. 8 (E.D. La. Feb. 2, 2006)(citing *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)).  In light of these authorities, any §1983 claims against Sheriff Lopinto should be dismissed with prejudice pursuant to §1915(e)(2)(B)(i).

Turning to Plaintiff's former fellow inmate, Williams, the alleged aggressor in the incident of October 16, 2017, it is axiomatic that in order to set forth a cognizable claim under §1983, an aggrieved party must allege that the defendant, a "person" acting under color of state law and in accordance with an established state procedure, deprived him of the rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986).  On the facts alleged by

Plaintiff, under no circumstances could Williams be considered a state actor for purposes of §1983 liability. *Ford v. Gusman*, No. 11-CV-2950, 2012 WL 2567063 at *17 (E.D. La. May 11, 2012), *adopted*, 2012 WL 2567034 (E.D. La. July 2, 2012); *Pichon v. Brazel*, No. 08-CV-1354, 2009 WL 775398 at *6 (W.D. La. Mar. 24, 2009). Similarly, a department or the collective staff of a department within a prison facility are not considered to be suable entities under §1983. *Howard v. Gusman*, No. 11-CV-2602, 2011 WL 6130763 at *2-3 (E.D. La. Nov. 17, 2011), *adopted*, 2011 WL 6148592 (E.D. La. Dec. 8, 2011); *Clay v. Nelson Coleman Corr. Center Medical Staff and Corr. Officers*, No. 10-CV-1590, 2011 WL 7659002 at *3 (E.D. La. Oct. 28, 2011), *adopted*, 2012 WL 1188463 (E.D. La. Apr. 9, 2012); *Walker v. Dallas County Sheriff's Medical Dept.*, No. 02-CV-1546, 2002 WL 31553930 at *2 (N.D. Tex. Nov. 13, 2002). Finally, as the "other" JPSO deputies who were listed in the caption of and on page four of Plaintiff's complaint remain unidentified, there are no appropriate juridical persons before the Court against whom judgment may properly be entered. *Howard*, 2011 WL 6130763 at *2-3; *Allen*, 2006 WL 286007 at *3 n. 8. It will therefore be recommended that Plaintiff's §1983 claims against these remaining Defendants be dismissed pursuant to §1915(e)(2)(B)(i).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's claims against Defendant, Deputy Marcus Borne of the Jefferson Parish Sheriff's Office, be dismissed without prejudice to his right to pursue said claims in his previous, pending lawsuit.

It is further recommended that Plaintiff's claims against the remaining Defendants be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14

days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[1]

    New Orleans, Louisiana, this  28th  day of _____February_____, 2018.

                                                _____
                                                   MICHAEL B. NORTH
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously-applicable 10-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.